JOHN MAXWELL vs. SILAS HOSMER & others.

Franklin. Sept. 16, 1884. — Jan. 7, 1885. C. ALLEN & COLBURN, JJ., absent.

H. died seised of an undivided half of a parcel of land, and devised all his real estate to A., B., and C. The other half of the land was owned by E., who died after H., intestate, leaving A., B., and C., and several others, his heirs at law. After E.'s death, all his heirs, including A., B., and C., joined in a warranty deed to N., in which they described themselves as next of kin of E., of "the following described tracts or parcels of land," describing eight tracts by metes and bounds, the description of the eighth tract beginning as follows: "8th tract adjoining the last tract and being an undivided half thereof;" and describing the whole tract by bounds. The eighth tract was the same that had been owned by H. and E., and an undivided half of which had been devised by H. to A., B., and C. They subsequently gave a deed of an undivided half of it to M., who brought an action against them for breach of the covenant of seisin in the deed. *Held,* that an undivided half only of the eighth tract passed by the deed to N.; and that the action could not be maintained.

W. ALLEN, J. This is an action for the breach of the covenant of seisin in a deed of an undivided half of a parcel of land.

Nathan Hosmer died seised of an undivided half of the land, and devised all his real estate to the defendants. The other half of the land was owned by Elijah Hosmer, who died after Nathan, intestate, leaving the defendants and eleven others his heirs at law. After the death of Elijah, all his heirs at law, including the defendants, joined in a deed of warranty to one Baxter Newton. So much of the deed as need be referred to is as follows: "We," (setting forth the names of the grantors,) "all next of kin of Elijah Hosmer, late of said Montague, deceased, . . . . do hereby give, grant, bargain, sell, and convey unto the said Baxter Newton the following described tracts or parcels of land situate in said Montague and in Sunderland, both in said county of Franklin, bounded as follows, viz." Then follow the descriptions of eight parcels of land, all but the last two giving courses and distances. It will be sufficient to give the description of the last two. "7th tract. Situate in Sunderland near Tobey Mountain so called, bounded, northerly by land of Silas Hosmer; easterly by land of said Hosmer, Cephas Porter, and John L. Graves; southerly by land of John L. Graves; westerly by land of heirs of Elijah and Nathan Hosmer; containing fifty acres more or less." "8th tract. Situate in said Sunderland

and adjoining the last tract and being an undivided half thereof. Bounded northerly by land of Isaac S. H. Gunn, Geo. and Wm. Gunn; easterly by land in last tract; southerly by land of John L. Graves and Kelita Hubbard; westerly by lands of Hubbard and Gunn; containing sixty acres more or less."

The eighth tract is the same that had been owned by Nathan and Elijah Hosmer, an undivided half of which had been devised by Nathan to the defendants. They subsequently gave a deed of an undivided half of it to the plaintiff; and this action is upon the covenant of seisin in that deed.

The plaintiff contends that the whole of the eighth tract passed by the deed to Newton; and, if not, that an undivided half of the defendants' interest in it passed.

There can be no question that but an undivided half of the tract passed by the deed to Newton. The words " and being an undivided half thereof " can refer to nothing else, and can have no effect but to limit the description of the premises conveyed to one half of the parcel described. This is the plain meaning of the language.

The case finds that the grantors in the deed to Newton inherited an undivided half of the tract from Elijah Hosmer. It must be inferred from the deed, that they claimed to have inherited the whole of the other seven parcels from him, for all his heirs join in the deed, and describe themselves as his next of kin. When, therefore, they convey the whole of the seven parcels, and an undivided half of the eighth, the natural inference is, that they intended to convey the undivided half which they inherited from him; and the fact that three of them owned the other half, which had never belonged to Elijah Hosmer, does not render the meaning ambiguous. It would be unnatural to construe the deed so that it should convey an undivided half of the interest of each of the grantors; and there is no legal objection to giving effect to the natural and obvious intention to convey the interest the grantors held as heirs of Elijah Hosmer.

*Judgment for the defendants affirmed.*

*A. De Wolf,* for the plaintiff.

*C. C. Conant & S. D. Conant,* for the defendants.